IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-1062-ZLW-BNB

THE QUIZNO'S MASTER LLC and
THE QUIZNO'S FRANCHISE COMPANY LLC,

     Plaintiffs,

v.

R&B MANAGEMENT GROUP, LLC, an Alabama limited liability company,
ROYCE GWIN, an individual, and
REBECCA GWIN, an individual,

     Defendants.

---

ORDER

---

The matter before the Court is Quizno's Motion For Leave To Amend Answer To Add Affirmative Defense.  Plaintiffs seek leave to amend their Answer To Defendants' Amended Counterclaims to assert a statute of limitations affirmative defense.  Fed. R. Civ. P. 15(a) requires that leave to amend pleadings shall be freely given "when justice so requires."  The U.S. Supreme Court has held that,

> [i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given" . . . .[1]

---

[1] Foman v. Davis, 371 U.S. 178, 182 (1962).

Additionally, the Scheduling Order in this case set a September 16, 2004 deadline for amendment of pleadings. A scheduling order may be amended, pursuant to Fed. R. Civ. P. 16(b), only on a "showing of good cause."

Plaintiffs state that they learned of the facts supporting the statute of limitations defense at the April 6, 2005, deposition of Defendant Royce Gwin. However, Plaintiffs did not file the present motion to amend their Answer to add the defense until four months later, after Defendants argued in their summary judgment response brief that Plaintiffs had waived the defense by failing to plead it in their Answer. While Plaintiffs certainly delayed in filing their motion to amend, Defendants have failed to make any showing that the delayed amendment will result in prejudice to them by causing them "undue difficulty" in prosecuting their counterclaims.[2] For example, Defendants have not identified any additional discovery that they must obtain in order to respond to the statute of limitations defense, and indeed Defendants provided substantive arguments in opposition to the defense in their summary judgment response. Trial is over five months away, and Defendants have not shown that the late amendment will hamper their trial preparation in any way. Good cause exists for the amendment, and in the spirit of Federal Rules, which favor decisions on the merits over decisions based on "technicalities,"[3] it is

---

[2] See Lange v. CIGNA Individual Financial Servs. Co., 759 F. Supp. 764, 769-70 (D. Kan. 1991).

[3] See Foman, 371 U.S. at 181-82.

ORDERED that Quizno's Motion For Leave To Amend Answer To Add Affirmative Defense is granted. It is

FURTHER ORDERED that Plaintiffs shall file their Amended Affirmative Defense with the Court within five days of the date of this Order.

DATED at Denver, Colorado, this  14   day of September, 2005.

BY THE COURT:


s/ Zita L. Weinshienk

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court